UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
FIREBIRD REPUBLICS FUND, LTD.,                         :
FIREBIRD GLOBAL MASTER FUND II, LTD.,                  :     **ORDER DISMISSING**
and FIREBIRD AVRORA FUND, LTD.,                        :     **CASE ON GROUNDS OF**
                                                       :     **FORUM NON CONVENIENS**
                       Plaintiffs,                     :
                                                       :     09 Civ. 303 (AKH)
        -against-                                      :
                                                       :
MOORE CAPITAL MANAGEMENT LLC,                          :
LM MOORE SP INVESTMENTS, LTD.,                         :
ING BANK UKRAINE, and ING BANK N.V.,                   :
LONDON BRANCH,                                         :
                                                       :
                       Defendants.                     :
---------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       This action is brought by three Cayman Islands investment funds against a Bahamian corporation, a Ukrainian corporation, a Netherlands corporation with a United Kingdom affiliate, and a New York investment manager.  It arises from alleged fraud in connection with the private sale of stock of a private Ukrainian company that produces and markets vodka and other alcoholic beverages.  The stock was owned by the Bahamian corporation, and was sold to the three Cayman Islands investment funds.  The sale was arranged by a New York investment manager of the Bahamian corporation, and made to the New York advisor of the Cayman Islands funds.

       By separate motions, all Defendants move at the outset to dismiss the lawsuit for failure to state a legally sufficient federal claim, for lack of supplemental jurisdiction, and on the ground of forum non conveniens.  I grant the motions on grounds of forum non conveniens, provided that, by July 24, 2009, all Defendants agree, in writing, to submit to suit in London.

       Plaintiffs allege, in a confusing complaint, that LM Moore SP Investments, Ltd., a

1

Bahamian investment firm, held a substantial block of stock in a private Ukrainian company, SV Company Ltd. ("SV"), which produced and marketed vodka and other spirits. LM Moore wished to dispose of its stock. It had its agent, ING Bank Ukraine, approach the three Firebird Cayman Islands funds, presumably because they specialized in public and private equity investments in the former Soviet Union, Eastern Europe, and other emerging markets. This approach was made to related investment advisors in New York of the three Firebird funds, and to Firebird Management LLC, the investment advisor to Plaintiff Firebird Republics Fund, Ltd. The sale took place in a narrow space of time, based on financial information and representations gathered four months earlier by LM Moore about the Ukrainian entity.

Thus, this case implicates foreign purchasers of foreign stock from foreign sellers. There is little, if any, federal interest to justify the substantial judicial effort required to unravel sets of transactions in the stock of a private vodka company in the Ukraine, held by various overlays of Ukrainian corporations and Bahamian owners. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947).

In Iragorri v. United Techs. Corp., 274 F.3d 65 (2d Cir. 2001) (en banc), the Court of Appeals described a three-step procedure for evaluating forum non conveniens motions. "At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum." Norex Petroleum, Ltd. v. Access Indus., Inc., 416 F.3d 146, 153 (2d Cir. 2005) (citing Iragorri, 274 F.3d at 73-74).

The first step requires me to assess how much deference to accord to Plaintiff's decision to bring suit in this Court. "Any review of a forum non conveniens motion starts with

'a strong presumption in favor of the plaintiff's choice of forum.'" Id. at 154 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)). However, this presumption is only an entry point on a "sliding scale," in which more deference is due as it appears more likely that the choice was "dictated by reasons that the law recognizes as valid," and less deference is due as it appears more likely that the choice was "motivated by forum-shopping reasons." Iragorri, 274 F.3d at 71-72. Thus, the "plaintiff's choice of forum is generally entitled to great deference when the plaintiff has sued in the plaintiff's home forum," while "the choice of a United States forum by a foreign plaintiff is entitled to less deference." Id. (citations omitted).

I find that Plaintiffs' choice of forum deserves little deference. Plaintiffs are foreign entities which do not invest or do business in the United States. The ING Defendants are also foreign. Defendant Moore Capital Management is headquartered in New York, but, as the Court of Appeals has held, "a plaintiff's choice to initiate suit in the defendant's home forum . . . only merits heightened deference to the extent that the plaintiff and the case possess bona fide connections to, and convenience factors favor, that forum." See Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 74 (2d Cir. 2003). The witnesses and evidence most relevant to Plaintiffs' allegations—including the officers and employees of SV who provided information in connection with the sale, and the documentation received—are in Europe, not in New York. See Iragorri, 274 F.3d at 72 (listing, as factors to consider, "convenience of the plaintiff's residence in relation to the chosen forum" and "availability of witnesses or evidence to the forum district"). Plaintiffs' New York fund advisors do not provide a sufficient connection to this forum, as they are not parties to the suit or the contracts, and are not implicated in the significant events underlying the complaint. See Capital Currency Exch., N.V. v. Nat'l Westminster Bank PLC, 155 F.3d 603, 612 (2d Cir. 1998).

The second step requires me to decide whether the United Kingdom or the Ukraine, the alternate forums proposed by Defendants, are adequate. "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." Norex Petroleum, 416 F.3d at 157 (quoting Pollux, 329 F.3d at 75). Plaintiffs do not dispute that these alternate forums are adequate. The Hague Convention permits service of process in both forums, and each permits litigation of the breach of contract and fraud claims asserted by Plaintiffs. See, e.g., Monegasque De Reassurances S.A.M. (Monde Re) v. Nak Naftogaz of Ukraine, 311 F.3d 488, 499 (2d Cir. 2002); Europe & Overseas Commodity Traders, S.A. v. Banque Paribas London, 90 F. Supp. 528, 537 (S.D.N.Y. 1996).

The third step of the analysis requires me to balance the private and public interests implicated in the choice of forum. The relevant private interests amount to "the convenience of the litigants," and "include 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" Iragorri, 274 F.3d at 73-74 (quoting Gulf Oil, 330 U.S. at 508). The Supreme Court has described the public interests as follows:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

Id. (quoting Gulf Oil, 330 U.S. at 508-09).

I find that a balancing of both the private and public interests clearly favors dismissal in favor of litigation in the United Kingdom. Every contract involved in this case is expressly governed by English law, and the parties agreed in those contracts to submit to the jurisdiction of the English courts. The witnesses, as well as documents and other evidence relating to alleged fraud in connection with the sale of SV, reside either with that company in the Ukraine, with LM Moore in its London headquarters, or with the ING Defendants in either the Ukraine or London. See Strategic Value Master Fund, Ltd. v. Cargill Fin. Servs. Corp., Ltd., 421 F. Supp. 2d 741, 766 (S.D.N.Y. 2006) ("Where most of the witnesses and documentary evidence reside in a foreign country, conducting trial in the U.S. could impose such significant burdens on the parties that dismissal is favored."). Thus, the sources of proof required for trial are not readily available in New York, and, as between the Ukraine and the United Kingdom, the applicability of English law weighs in favor of adjudicating this dispute in London.

Accordingly, I grant the motions to dismiss this action on grounds of forum non conveniens, on condition that, by July 24, 2009, all Defendants agree, in writing, to submit to suit in London.

The Clerk shall mark the motions (Docs. ## 7, 12, & 17) as terminated, and the case as closed.

SO ORDERED.

Dated: July 14, 2009
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

5